In re FELCO MARKETING, INC., Debtor.

FELCO MARKETING, INC., Plaintiff,

v.

CENTRAL NATIONAL BANK OF NEW YORK, Defendant.

FELCO MARKETING, INC., Debtor,

v.

RHODE ISLAND HOSPITAL TRUST NATIONAL BANK, Defendant.

Bankruptcy No. 181–30174–260.
Adv. No. 183–0118.

United States Bankruptcy Court,
E.D. New York.

July 1, 1983.

Pinks, Feldman & Brooks by Bernard Feldman, Melville, N.Y., for debtor.

Delson & Gordon by Alvin H. Meadow, New York City, for Central Nat. Bank of N.Y.

Kreindler & Relkin by Bruce S. Nathan, New York City, for Rhode Island Hosp.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Bankruptcy Judge.

The debtor, Felco Marketing, Inc. (hereinafter Felco), has initiated an adversary proceeding in this court against the defendants, Central National Bank of New York and Rhode Island Hospital Trust National Bank, in which it seeks to recover under the authority of 11 U.S.C. Sections 547 and 549 certain alleged preferential payments made to the defendants under an apparent financing scheme, the exact nature of which is not clear to this court. Both defendants dispute Felco's characterization of this as a preference action. Instead they view the underlying transactions which are the basis of the alleged preferential payments as related or nonbankruptcy matters which this court lacks the constitutional authority to adjudicate as a result of the Supreme Court's ruling in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Accordingly, they have moved to have Felco's complaint dismissed for lack of subject matter jurisdiction. That motion is denied for the following reasons.

As a temporary remedy for the jurisdictional restraints resulting from the *Marathon* ruling the Judicial Conference of the United States proposed and this District has adopted a set of Emergency Rules. *See, In re Jurisdiction of Bankruptcy Courts* (E.D. N.Y. December 21, 1982). Those rules have been deemed constitutional by District Judge Francis X. Altimari in *In re Q1 Corp.,* 28 B.R. 647 (E.D.N.Y.1983).

Paragraph d(3)(A) of the Emergency Rules sets forth the distinction between related and non-related proceedings. Essentially any proceeding which could have been commenced in a state court or in the district court in the absence of a petition in bankruptcy is deemed a related matter. Several specific types of proceedings including those to set aside preferences are specifically labelled as non-related. That is to say, they are proceedings central to the bankruptcy and therefore properly within the subject matter jurisdiction of bankruptcy courts.

■ Paragraph (c)(1) of the Emergency Rules states that both related and non-related bankruptcy proceedings are automatically referred to bankruptcy judges for adjudication. Paragraph (c)(2) goes on to say that such a reference may be withdrawn by the district court on its own motion or on a timely motion made by a party. Thus, bankruptcy courts, through the Emergency Rules, acquire the authority to adjudicate all related and non-related proceedings subject to a withdrawal of that power by the district court.

■ The within proceeding may or may not be a preference action. That is a determination that can only be made after a trial or a hearing on a motion for summary judgment. Absent a motion by a party in interest to have the reference withdrawn this court retains subject matter jurisdiction over this proceeding by virtue of the Emergency Rules and the defendants' motion to dismiss for lack of subject matter jurisdiction must accordingly be denied.

Nevertheless, I am certifying this matter to the district court pursuant to the authority vested in this court by paragraph (e)(2)(A)(ii) of the Emergency Rules which states:

A district judge shall review:

\*    \*    \*    \*    \*    \*

(ii) an order of judgment entered under paragraph (d)(2) if the bankruptcy judge certified that circumstances require that the order or judgment be approved by a district judge, whether or not the matter was controverted before the bankruptcy judge or any notice of appeal or application for leave to appeal was filed.

That certification will request a determination concerning the appropriateness of the within order denying the defendants' motions and serve to expedite a final determination with respect to the debtor's complaint.

IT IS SO ORDERED.